**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PEACE OF MIND HOME HEALTH CARE, INC. a/k/a PEACE OF MIND, INC. </br></br>        Plaintiff, </br></br>vs. </br></br>VISTAPRINT TECHNOLOGIES, LTD. d/b/a VISTAPRINT USA, INC., SITE5.COM CO., ERIK DREYER GOLDMAN, A PEACE OF MIND IN-HOMECARE, INC. GODADDY.COM, INC. d/b/a SPECIAL DOMAIN SERVICES, PEACE OF MIND HOME CARE, LLC (MICHIGAN), INMOTION HOSTING, INC., PEACE OF MIND HOME CARE, LLC (MISSOURI), HOSTOPIA.COM, INC. a/ka/ APLUS-NET, INC. </br></br>        Defendants. | CIVIL ACTION NO.12- |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND VIOLATION OF THE LANHAM ACT**

Plaintiff Peace Of Mind Home Health Care, Inc. ("POM, Inc."), by its attorneys, files this Complaint against defendants, alleging as follows:

JURISDICTION AND VENUE

1. This action arises under the Lanham Trademark Act 15 U.S.C. § § 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § § 1338(a) and (b).

2. Venue in this district is proper under 28 U.S.C. § 1391(b).

## PARTIES

3.        Plaintiff is a corporation with its principal place of business in Boston, Jamaica Plain, Massachusetts and does business under the tradenames  PEACE OF MIND, PEACE OF MIND HOMECARE, PEACE OF MIND HOME HEALTHCARE and PEACE OF MIND, INC. (hereinafter "the PEACE OF MIND Marks").

4.        Plaintiff is the owner of:

        (a)        United States Trademark Registration No. 3,859,940 for the mark PEACE OF MIND.

        (b)        United States Trademark Registration No. 3,029,738 for the mark PEACE OF MIND and design.

hereinafter collectively referred to as the Registered Marks.

5.        Defendant, Vistaprint Technologies Ltd. d/b/a Vistaprint USA Inc. (hereinafter "Vistapint") is, on information and belief, a corporation registered to do business in, having an office in and doing business generally in this District.  Vistaprint is both the host and the registrar of the infringing domain name and website, www.apeaceofmindinc.com.

6.        Defendant Site5.com Co. (hereinafter "Site5.com") is, on information and belief, a corporation that is hosting the infringing website www.apomhomecare.com  to which the infringing website www.apeaceofmindinc.com directs consumers  after accessing the infringing website www.apeaceofmindinc.com.  On information and belief, Site5.com Co.  is doing business generally in this District.

7.        Defendant Erik Dreyer-Goldman is, on information and belief, a person and entity who is proactively assisting and working with one or more of the named defendants POM CA, Vistaprint and Site5.com to maintain, publish and display a website under the infringing domain

name www.apomhomecare.com that itself is linked to the infringing website www.apeaceofmindinc., both sites containing, displaying, advertising Plaintiff's Marks.

8.      Defendant A Peace Of Mind In-Homecare, Inc. (hereinafter "POM CA"), is, on information and belief, a privately held company having a principal place of business in Seal Beach, California and is actively conducting business and advertising, promoting and/or providing its services under an infringing mark (including A PEACE OF MIND HOME CARE) by way of maintaining both of the infringing domain names www.apeaceofmindinc.com and www.apomhomecare.com.

9.      Defendant, GoDaddy.com, Inc. d/b/a Special Domain Services ("GoDaddy") is a corporation with a principal office address at 14455 N. Hayden Road, Suite 226, Scottsdale, Arizona 85260 doing business generally in this District and is both the Registrar and host of the infringing domain name and website, www.mypomhomecare.com.  GoDaddy intentionally registers domain names that are confusingly similar to plaintiff's marks for the purpose of profiting and exploiting web surfers' confusion by selling advertising for those confusingly similar websites.

10.     Defendant Peace of Mind Homecare, LLC (hereinafter "POM MI") is, on information and belief, a corporation having an office at 43701 St. Julian Ct., Sterling Heights, MI 48314 and is doing business in this District and maintains and promotes, advertises and provides its services via the infringing domain name and website www.mypomhomecare.com in this District employing GoDaddy as the host of the infringing site.

11.     Defendant Inmotion Hosting, Inc. is, on information and belief, a corporation having an address at 6100 Center Drive, Suite 1190, Los Angeles, CA  90045 doing business in this District who both registered and hosts a website having an infringing domain name, www.peaceofmindhomecare.org, that also infringes Plaintiff's marks in the body of the site itself.

12. Defendant Peace of Mind Home Care, LLC (hereinafter "POM MO") is, on information and belief, a corporation having an office at 224 N 7th Street, St. Joseph, MO 64501 doing business in this District who maintains and promotes, advertises and provides its services via the infringing domain name and website, www.peaceofmindhomecare.org.

13. Defendants Hostopia.com, Inc. a/k/a Aplus-net Inc. is, on information and belief, a corporation having an office at 110 East Broward, Suite 1650, Fort Lauderdale, FL 33394 doing business in this District who both registered and hosts a website having an infringing domain name, www.peaceofmindinh.com, that also infringes Plaintiff's marks in the body of the site itself

BACKGROUND OF THE ACTION

14. Since at least about 1994 to the present, Plaintiff is and has been engaged in supplying healthcare, homecare and other healthcare related services as set forth in the aforesaid registrations to the elderly, infirm, disabled and sick. During this entire period, Plaintiff has continuously and extensively used its PEACE OF MIND marks both in word and logo format in connection with the sale, advertising, promotion and provision of its aforesaid services.

15. At one or more times during this same period of time from 19944 to the present, Plaintiff has continuously, consistently and at great expense used the PEACE OF MIND marks and the Registered Marks in advertising and promotional materials, on letterhead, in newspapers, display banners posted at trade shows, on flyers and brochures, on tags and labels applied to goods, in magazine advertisements and on POM, Inc.'s website.

16. At one or more times during this same period of time from 1994 to the present, Plaintiff has invested hundreds of thousands of dollars in the design, development, advertising and promotion of its PEACE OF MIND brand name as a source of high quality, new and innovative

-4-

services. Plaintiff annually realizes substantial revenues from the sale and provision of its PEACE OF MIND brand services. The success of Plaintiff's sales of PEACE OF MIND brand services has steadily increased from year to year. In the present year, 2012, Plaintiff will have provided PEACE OF MIND brand services at a value of over $ 4,000,000.00.

17. Plaintiff's PEACE OF MIND brand services have achieved and will continue to achieve wide renown among healthcare providers and prospective healthcare receivers including senior citizens, the elderly, disabled, sick and infirm. The PEACE OF MIND Marks and the Registered marks have been used in interstate commerce on and for the purpose of identifying, among other things, Plaintiff as the source of such services and the quality of services that Plaintiff provides.

18. As a result of the foregoing, Plaintiff's PEACE OF MIND brand marks are famous and the PEACE OF MIND marks have developed and now possess secondary and distinctive meaning to consumers and users of Plaintiff's services advertised and provided under the PEACE OF MIND Marks and the Registered Marks.

DEFENDANTS' UNLAWFUL CONDUCT

19. On information and belief, the Defendants, POM CA, POM MO and POM MI, (hereinafter the "Provider-Defendants") have adopted and are using the name/designations PEACE OF MIND alone or in conjunction with other words in promotion and/or advertising of identical or nearly identical services that compete directly with Plaintiff's services and marks in the identical customer base or market to which all of the Defendants' services are advertised, promoted, sold or provided. On information and belief, all of the Defendants are presently using Plaintiff's PEACE OF MIND marks and Registered Marks on and in connection with a domain name of the aforesaid

websites and in the body of said websites created and operated by said Provider-Defendants, in verbal answering of their listed business phones, on letterhead and in print advertising and promotional materials.

20. On information and belief the defendants Vistaprint, Site5.com, GoDaddy.com, Inc., Inmotion Hosting, Inc., , Inc., Hostopia.com, Inc., Aplus-net, Inc. and Erik Dreyer-Goldman are actively assisting one or the other of the Provider-Defendants or another entity in operating, hosting, maintaining and enabling the use of the above-stated infringing domain names and websites that advertise and promote the Provider-Defendants' health care services.

21. Further, on information and belief, the Provider-Defendants intend to expand their use of the name PEACE OF MIND to use on labels, tags, packaging, advertising, letterhead, on business cards, on signage, on their websites and in verbal answering of telephone inquiries in connection with their identical or nearly services.

22. POM CA has in the past received misdirected communications from prospective customers of the Plaintiff's services who have been confused into believing that said defendant or defendant's services are Plaintiff or are Plaintiff's services. On information and belief, all of the Provider-Defendants have received misdirected communications and inquiries from prospective customers of Plaintiff's services who have been confused into believing that Defendants or their services are or originate with Plaintiff.

23. Prior to adopting and using the term PEACE OF MIND, all of the Defendants had actual knowledge of Plaintiff's PEACE OF MIND Marks and Registered Marks and Plaintiff's prior usage of the PEACE OF MIND Marks and Registered Marks.

24. The aforesaid acts by all of the Defendants are causing and are likely to continue causing the purchasing public to believe that the Provider-Defendant(s) is/are Plaintiff or is/are

somehow connected or affiliated with Plaintiff, or that the Provider-Defendants' services are authorized, sponsored or approved by Plaintiff such that the Provider-Defendants' services are subject to the same high quality standards as Plaintiff's services despite the fact that this is not true.

25. The aforesaid unlawful and willful adoption and use of the PEACE OF MIND Marks and Registered Marks by all of the Defendants constitute an infringement of Plaintiff's servicemarks and a false designation of the source of origin of the Provider-Defendants' services and falsely describes and represents such services. The use, publication and maintenance by all of the defendants of the Plaintiff's PEACE OF MIND Marks and Registered Marks on, in or in connection with the offending websites also constitutes an attempt to palm off and appropriate to themselves Plaintiff's exclusive rights in the PEACE OF MIND Marks and Registered Marks. Such acts will cause dilution of Plaintiff's marks.

26. Upon information and belief, the defendants have and will continue to engage in such unauthorized activities in this District, in California, in Michigan, in Missouri and elsewhere in interstate commerce and are likely to continue such activities, to the great injury of Plaintiff.

27. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

FIRST CAUSE OF ACTION

(Registered Trademark Infringement 15 U.S.C Sec. 1114(a))

28. Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-27 above.

29. All of the Defendants' aforesaid conduct constitutes willful infringement of Plaintiff's Registered Marks in violation of 15 U.S.C. 1114(a). Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed

to be in excess of $2,000,000 for the upcoming year, unless and until all of the Defendants are enjoined from continuing to engage in their unlawful conduct.

## SECOND CAUSE OF ACTION

(Violation of the Lanham Act, 15 U.S.C Sec. 1125(a))

30. Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-29 above.

31. All of the Defendants' aforesaid conduct constitutes willful infringement of Plaintiff's PEACE OF MIND Marks and Registered Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until all of the Defendants are enjoined from continuing to engage in their unlawful conduct.

## THIRD CAUSE OF ACTION

(Common Law Trade Mark Infringement and Unfair Competition)

32. Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-31 above.

33. All of the Defendants' aforesaid conduct constitutes a willful infringement of Plaintiff's common law trademark rights in the PEACE OF MIND Marks and the Registered Marks and a violation of the Federal and State Common Law of Unfair Competition.  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until all Defendants are enjoined from continuing to engage in their unlawful conduct.

## FOURTH CAUSE OF ACTION

(Trademark Dilution under M.G.L.A. Ch. 110H § 13)

34. Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-33 above.

35.     All of the Defendants' aforesaid unlawful conduct is diluting and will continue to dilute the strength, distinctiveness and secondary meaning in and of Plaintiff's PEACE OF MIND Marks and the Registered Marks.  Such dilution constitutes a violation of M.G.L.A. Ch. 110H Section 13, which provides injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until all Defendants are enjoined from continuing to engage in their unlawful conduct.

### FIFTH CAUSE OF ACTION

(Trademark Dilution under the common law)

36.     Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-35 above.

37.     All of the Defendants' aforesaid unlawful conduct is diluting and will continue to dilute the strength, distinctiveness and secondary meaning in and of Plaintiff's PEACE OF MIND Marks and the Registered Marks.  Such dilution constitutes a violation of the common law of the United States and of the Commonwealth of Massachusetts.  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until all Defendants are enjoined from continuing to engage in their unlawful conduct.

### SIXTH CAUSE OF ACTION

(Unfair and Deceptive Trade Practices, M.G.L. Chapter 93A)

38.     Plaintiff repeats and re-alleges each allegation set forth in paragraphs 1-37 above.

39.     All of the Defendants' aforesaid unlawful conduct is and has been committed primarily and substantially within the Commonwealth of Massachusetts.  All Defendants are

persons within the scope of Sections 2, 9 and 11 of M.G.L. Chapter 93A. All of the Defendants' aforesaid unlawful conduct constitutes a willful unfair and deceptive trade practice in violation of M.G.L. Chapter 93A, Sections 2, 9 and 11. Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until all Defendants are enjoined from continuing to engage in their unlawful conduct.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff. seeks relief against all Defendants and all those in active concert and privity with each Defendant, as follows:

1. That all Defendants and all those in active concert and privity with each Defendants (individually and collectively), their partners, agents, servants, employees, officers, attorneys, successors and assigns, be temporarily and preliminarily enjoined in this and all other judicial districts in the United States, during the course of this litigation and permanently from:

  (a) providing, advertising, publishing, promoting, offering for sale or holding for sale any product or service in association or connection with the PEACE OF MIND Marks or any colorable variation or imitation thereof;

  (b) representing to any member of the public that any service or product that is advertised, sold distributed, leased, rented, repaired, managed or held for sale by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

2. That this Court enter a preliminary and permanent injunction incorporating the terms of the Proposed order of Preliminary Injunction accompanying Plaintiff's Motion for Preliminary Injunction that includes, among other things, an order that orders all and each of the Defendants to discontinue use of the PEACE OF MIND Marks or Registered Marks in any manner including use as a domain name, on the display or content of any website and/or in metatags or metadata.

3. That this Court order all and each of the Defendants to deliver up to the Court and/or to Plaintiff all written, electronic data and printed materials bearing the Marks or any colorable imitation or variation thereof for destruction.

4. That each Defendant pay to Plaintiff damages in an amount to be determined and a doubling and/or trebling thereof.

5. That Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems just and proper.

Dated: June 5, 2012                           Respectfully submitted,
                                                     PEACE OF MIND HOME HEALTH CARE, INC.
                                                     By Its Attorneys

                                                     /s/ Edward T. Patten
                                                     Edward T. Patten, BBO#546386
                                                     Zisson and Veara
                                                     P.O. Box 2031
                                                     828 Main Street
                                                     Dennis, Ma. 02638
                                                     Tel. 508-385-6031
                                                     Fax: 508-385-6914
                                                     Email: etp@zisson-veara.com
                                                     Co-Counsel for Plaintiff

                                                     /s/ M. Lawrence Oliverio
                                                     M. Lawrence Oliverio, BBO #378755
                                                     Rissman Hendricks & Oliverio LLP
                                                     Suite 2101, 100 Cambridge Street
                                                     Boston, MA  02114
                                                     Tel: 617-367-4600
                                                     Fax: 617-367-4656
                                                     Email: loliverio@rhoiplaw.com
                                                     Co-Counsel for Plaintiff